```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA        :      CRIMINAL ACTION
                                :
          v.                    :
                                :
GANIYU ADESHINA ALADE            :      NO. 07-484-1
```

MEMORANDUM

Bartle, C.J.                                          August 26, 2008

Defendant Ganiyu Adeshina Alade ("Alade") brings this motion seeking to withdraw his guilty plea.

On August 14, 2007 a federal grand jury indicted Alade and charged him with one count of laundering of monetary instruments and aiding and abetting, in violation of 18 U.S.C. §§ 1956(a)(3) and 2.  He pleaded guilty to the charges on October 16, 2007 pursuant to a written plea agreement, and his plea was accepted by the court.  Alade was sentenced on May 29, 2008.  At the sentencing, the court granted the motion of the government for a downward departure, and he was sentenced to thirteen months' incarceration.  The same counsel represented him at his initial appearance and at both his change of plea and sentencing hearings.  Alade filed the instant motion to withdraw his plea on June 26, 2008.

Rule 11(e) of the Federal Rules of Criminal Procedure provides:  "After the court imposes sentence, the defendant may not withdraw a plea of guilty ... and the plea may be set aside only on direct appeal or collateral attack."

Alade's present motion is in effect a collateral attack seeking to set aside his guilty plea.[1]  By the terms of his guilty plea agreement, Alade expressly waived all rights to attack his conviction and sentence collaterally, except for reasons not relevant here.  Our Court of Appeals has held that a defendant's waiver of his right to appeal or collateral attack is valid if the waiver was knowing and voluntary and provided that it would not amount to a miscarriage of justice.  U.S. v. Khattak, 273 F.3d 557, 562 (3d Cir. 2001).

During the change of plea hearing, the attorney for the government, at the request of the court, put on the record the provisions of the plea agreement, including those regarding the defendant's waiver of appeal or collateral attack.  Alade acknowledged that he had read, understood and discussed the written plea agreement with counsel before he signed it.  He specifically agreed that he understood the waiver provision. After additional questioning, the court found that Alade was competent to plead and that his decision to accept the terms of his plea agreement was knowing and voluntary.  Thus, Alade can only mount a collateral attack if forbidding him to do so would amount to a miscarriage of justice.

Alade bases his motion on the following allegations: (1) that he was not fully aware of what the results of a guilty

---

1.  We note that Alade has not taken an appeal from the Judgment entered against him on May 30, 2008.  The time within which he was entitled to take an appeal has expired.  See Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure.

plea would entail, and that incarceration was a possibility; (2) that he did not comprehend every aspect of the proceedings, as English is not his first language and he has some limitations in his understanding of legal language; and (3) that he was acting as an "employee" for all activities for which he was indicted so that he was not in a position to refuse the instructions of his employer.

Even if Alade could show that any of these assertions shows error amounting to a miscarriage of justice, they are not supported by the facts of this case. At the change of plea hearing, immediately upon being sworn, Mr. Alade was asked by the court whether he read, wrote and understood the English language. Mr. Alade responded "Yes." He continued to answer appropriately and in English all of the questions put to him by the court, asking for clarification when necessary. When he appeared before the court in his sentencing hearing, he again spoke in English throughout the proceedings, including allocution. Alade made no mention at either hearing to an "inability" to understand English or legal terminology in the English language nor did he ever request an interpreter.

Nor can Alade credibly contend that he was not fully aware of what a guilty plea would entail or that incarceration was a possibility. Alade pleaded guilty pursuant to a written plea agreement, which he acknowledged reading, understanding, and discussing with his counsel before signing. Moreover, during the course of the hearing, the court requested that the attorney for

the government summarize the maximum penalties to which Alade would be subject.  After she had done so, Alade stated that he understood that he could face a maximum of twenty years' imprisonment.  Upon questioning by the court, Alade further stated that he understood that he could receive a penalty up to the maximum and that he would not be entitled to withdraw his guilty plea if the court imposed a more severe sentence than he expected.  At the close of the hearing, Alade was asked by the court if he understood that as a citizen of Nigeria he may also be subject to deportation in addition to imprisonment.  Again, Alade answered that he understood.

Finally, Alade's contention that he was acting as an employee for all activities for which he was indicted is both irrelevant and contrary to the government's recitation at the change of plea hearing of the undisputed underlying facts supporting the indictment.  We first note that, even if this allegation were true, it would not impact Alade's personal criminal liability.  Additionally, the government's summary described four occasions on which Alade agreed to launder money for an undercover FBI agent through a Western Union facility.  Alade agreed that the government's recitation of the facts was accurate.

The motion of defendant Ganiyu Adeshina Alade to withdraw his guilty plea will be denied.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| GANIYU ADESHINA ALADE | : | NO. 07-484-1 |

ORDER

AND NOW, this 26th day of August, 2008, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that the motion of defendant Ganiyu Adeshina Alade to withdraw a guilty plea (Doc. No. 69) is DENIED.

BY THE COURT:

/s/ Harvey Bartle III
C.J.